UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CRIMINAL NO. 07-misc- 5-GFVT

UNITED STATES OF AMERICA,                                                           PLAINTIFF,

V.         **MAGISTRATE JUDGE'S REPORT
            AND RECOMMENDATION**

ROY KWACZALA,                                                                      DEFENDANT.

This matter came before the Court for a hearing pursuant to a Supervised Release Violation Report and addendum filed by the United States Probation Office on April 27, 2010, and May 3, 2010. A hearing was conducted before the undersigned on May 12, 2010, at which the Defendant was present and represented by appointed counsel, Patrick O'Neill, and the United States was represented by Assistant United States Attorney Roger West. United States Probation Officer Donte' L. Key was also present.

At the hearing, the Defendant was advised of his constitutional rights, including his right to remain silent. After being placed under oath, and following questioning by the Court, the Defendant was found to be fully competent to enter an informed plea. Further the Court found the plea to be knowing and voluntary supported by a sufficient basis in fact and accepted the plea. As part of a verbal plea agreement, the United States agreed to move to dismiss Violation No. 3 without prejudice pending resolution of related state court matters. Considering the sufficiency of the plea, and all of the evidence, including that contained in the violation report, the Magistrate Judge makes the following proposed Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

(1) On January 27, 1994, the Defendant was sentenced to 190 months imprisonment to be followed by five years of supervised release upon his plea of guilty to four counts of Armed Bank Robbery and one count of Use, Carry Firearm During a Crime of Violence.

(2) He was released from federal custody on April 6, 2007, and jurisdiction of his supervision was transferred to the Eastern District of Kentucky on May 2, 2007.

(3) Mr. Kwaczala has been without stable employment since March, 2009, when he was laid of from his job with Senninger Plumbing. The defendant received unemployment benefits; however, Office Key subsequently advised the Defendant to gain employment, but he did not.

(4) On April 8, Officer Key attempted to contact Kwaczala at his home. On April 13, 2010, Officer Key spoke with the landlord who advised that Mr. Kwaczala was no longer residing at the residence, and had been gone for about three weeks or longer. Kwaczala failed to provide Officer Key with an alternative address.

## CONCLUSIONS OF LAW

Pursuant to 18 U.S.C. § 3583(e)(3), the Court finds, by a preponderance of the evidence, that the Defendant has violated the following conditions of his supervision:

1. The defendant shall work regularly at a lawful occupation unless excuses by the probation officer for schooling, training, or other acceptable reasons.

2. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

Under §7B1.1(a)(1), the most serious of the violations committed by the Defendant is a Grade C violation. Based on the Defendant's criminal history Category V, revocation guidelines call for

a range of imprisonment of 7 to 13 months. The original conviction was a Class B felony and the maximum term of imprisonment is 36 months, pursuant to 18 U.S.C. § 3583(e)(3). The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

**RECOMMENDATION**

IT IS THEREFORE RECOMMENDED AS FOLLOWS:

(1) That the Defendant be found to have violated the terms of his supervised release as set out above;

(2) That the Defendant, having waived his right to allocution before United States District Judge Van Tatenhove and exercised that right before the undersigned, be sentenced without delay;

(3) That the Defendant, Roy Joseph Kwaczala, be sentenced to a period of NINE (9) MONTHS with no supervised release to follow;

(4) That the motion of the United States to dismiss without prejudice, Violation No. 3 pending resolution of related state court matters, be granted.

Specific objections to this Report and Recommendation must be filed within fourteen days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's

objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2).

Signed May 18, 2010.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge